**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| **LAYANE R. SOUSA,** | |
| **Plaintiff,** | |
| v. | Civil Action No. AW-07-449 |
| **VALERIA REITER and** **RICHARD REITER,** | |
| **Defendants.** | |

**MEMORANDUM OPINION**

Plaintiff Layane R. Sousa ("Plainitff") brings this action against Defendants Valeria Reiter and Richard Reiter ("Defendants"), seeking unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 206 et seq. ("FLSA"), the Maryland wage law, and pursuant to a written contract. Currently pending before this Court are Plaintiff's Rule 72(A) Objections to Magistrate Judge's July 19, 2007 Order (Paper No. 28), Plaintiff's Motion to Stay Pending Ruling on Objection to Magistrate Judge's Order (Paper No. 29), and Plaintiff's Motion to Strike (Paper No. 35). The Court has reviewed the entire record, including the Pleadings with respect to the instant motion. A telephonic hearing on the Motion was held on October 29, 2007. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated during the hearing and set forth below, the Court will grant-in-part and deny-in-part Plaintiff's objections to the Magistrate Judge's order, deny-as-moot Plainitiff's motion to stay, and grant Plaintiff's motion to strike.

**FACTUAL & PROCEDURAL BACKGROUND**

Plaintiff is an immigrant worker brought to the United States by Defendants, her former employers. Plaintiff worked as a live-in childcare provider and housekeeper in Defendants' home

from approximately August 21, 2005 to May 20, 2006. Plaintiff claims that she was not paid the minimum national or minimum Maryland wage for her work.

On March 28, 2007, Defendants propounded interrogatories and production requests seeking to discover, among other things, information related to the immigration and employment status of Plaintiff and her boyfriend for the time after Plaintiff left Defendants' employ. Plaintiff moved for a protective order to prevent Defendants' inquiries into her and her boyfriend's employment and immigration status for the period after she no longer worked for Defendants.[1]

On July 19, 2007, United States Magistrate Judge Jillyn K. Schulze ("Magistrate" or "Judge Schulze") heard arguments from counsel for both parties regarding Plaintiff's Motion for Protective Order. The Magistrate's Order denied Defendants' request for discovery directly seeking information about Plaintiff's current immigration status. The Order also barred Defendants from obtaining documents related to Plaintiff's paychecks, pay stubs, and W-2 forms. However, the Order permitted Defendants to discover information regarding Plaintiff's current employment and sources of financial support since Plaintiff left Defendants' employ.

Pursuant to the Order, Plaintiff is required to answer the following interrogatories, with some exclusions:

1. ***Interrogatory No. 5***: "Identify each person who has provided you with money [and] shelter since May 20, 2006 and describe the assistance each such person has provided you."[2]

2. ***Interrogatory No. 16***: "Have you been employed at any time since May 20, 2006? If so, identify such employer, identify your immediate supervisor, and describe the nature of your work.

---

[1] The Magistrate's Order denied all requests for discovery directed to Plaintiff's boyfriend.

[2] The Magistrate's Order restricted the original scope of this interrogatory, barring Defendants from discovering information related to "food, clothing, medical care, transportation, and other living assistance."

Plaintiff objects to the Magistrate's Order on the grounds that the information could reveal Plaintiff's current immigration status, notwithstanding the Order's prohibition on any such inquiry. Plaintiff also argues that such requested information is irrelevant to her claim for unpaid wages, and such inquiries serve only to intimidate and harass Plaintiff.

## STANDARD OF REVIEW

District courts' review of a magistrate judge's pretrial orders is provided by Rule 72 of the Federal Rules of Civil Procedure. Pursuant to Rule 72, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); Local Rule 301(5)(a) (D. Md. 2004) (same).

Applying this standard, the United States Court of Appeals for the Fourth Circuit has recognized that "[t]he factual findings of a magistrate are entitled to the same deference upon review as those of the trial court under the clearly erroneous standard." *Gairola v. Com. of Va. Dept. of General Services*, 753 F.2d 1281, 1288 (4th Cir. 1985). When an objection is timely made, the standards set forth above apply to a district court's review of a magistrate judge's decision concerning a discovery dispute. *See Buchanan v. Consolidated Stores Corp.*, 206 F.R.D. 123, 124 (D. Md. 2002).

## DISCUSSION

### I. Plaintiff's Objection to Judge Schulze's Order

Plaintiff asserts that Judge Schulze's Order – permitting discovery into Plaintiff's current employment and sources of financial support – is clearly erroneous and contrary to law because (1)

the information is not relevant, and (2) the information would have an impermissible chilling effect on Plaintiff's pursuit of her Fair Labor Standards Act ("FLSA") and state unpaid wages claim. The Court will address each argument separately.

*A. Relevance of the Current Employment Status and Financial Support*

Plaintiff argues that information regarding her current employment and source of financial support is not relevant to her claim for unpaid wages nor is it reasonably likely to lead to the discovery of admissible information. Defendants, however, contend that the information is relevant to the Plaintiff's credibility and identifying potential witnesses who may have heard Plaintiff making damaging admissions, inconsistent statements, and/or false statements. Judge Schulze limited the original scope of Interrogatory No. 5, permitting Defendants to discover financial information relating only to money and shelter.[3] Judge Schulze also allowed information relating to Plaintiff's current employment status (Interrogatory No. 16).

The Court finds merit in both positions articulated by the parties at the telephonic conference; however, on balance, the Court believes that the requested financial information bears little relevance to the claims at issue. Therefore, the Court will extend Judge Schulze's ruling to exclude financial information relating to money and shelter, hereby finding that Plaintiff is not required to answer Defendants' Interrogatory No. 5. However, the Court will give deference to Judge Schulze's findings with regards to the relevance of the current employment status. Plaintiff has not convinced the Court that the Judge's ruling was contrary to law or clearly erroneous. Rule 26 of the Federal Rules of Civil Procedure allows parties to "obtain discovery regarding any matter,

---

[3] The Court was under the impression that Defendants withdrew their request for this particular financial information sought; however, Defendants' counsel indicated during the telephone conference that they were indeed seeking discovery of this financial information. The Court, nevertheless, believes that this requested information bears no relevance to the claims presented in this case.

4

not privileged, that is relevant to the claim or defense of any party . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b). It appears that the Defendants have given a cogent explanation of the relevancy of the current employment status, and Judge Schulze agreed with Defendants. Therefore, giving deference to Judge Schulze's Order and not finding that her ruling was contrary to law, the Court will uphold Judge Schulze's ruling regarding the relevancy of Plaintiff's current employment status.

    *B. Chilling Effect*

Plaintiff argues that Judge Schulze erred in ruling that discovery of Plaintiff's current employment status and sources of financial support will not have an impermissible chilling effect on pursuit of her FLSA and state unpaid wages claims. To support Plaintiff's argument that this information is not discoverable, Plaintiff relies on *Rivera v. NIBCO*, 364 F.3d 1057 (9th Cir. 2003). Plaintiff's reliance on this case is misplaced. Plaintiff notes that in *Rivera*, the Ninth Circuit recognized that permitting a defendant to discover a plaintiff's "eligibility for employment" and "employment status" leads to an impermissible chilling effect on the enforcement of wage claims. While the Ninth Circuit did not allow the discovery of "eligibility of employment," it did, however, uphold the District Court's allowance of discovery into current and past employment information. *Rivera*, 364 F.3d at 1062; *see also Rivera v. NIBCO, Inc.*, 204 F.R.D. 647, 651 (E.D. Cal. 2001). The Court agrees with Defendants that Plaintiff appears to be incorrectly fusing the phrase "eligibility for employment" with "actual employment history." These phrases are not synonymous.

In a further attempt to substantiate Plaintiff's argument that the discovery of her employment status should not be allowed because it will have an impermissible chilling effect, Plaintiff repeatedly cites authority that only addresses the discovery of immigration status. For example, Plaintiff relies on *Rivera*, where the court noted that "the protective order at issue bars discovery into

each plaintiff's immigration status on the basis that allowing [Defendant] to use the discovery process to obtain such information would chill the plaintiffs' willingness and ability to bring civil rights claims." *Rivera*, 364 F.3d at 1064. Plaintiff also relies on other cases that specifically refer to immigration status and not employment status. *See Galaviz-Zomara, et al. v. Brady Farms*, 230 F.R.D. 499, 502 (W.D. Mich. 2005) ("the damage and prejudice which would result to Plaintiffs if discovery into their *immigration status* is permitted far outweighs whatever minimal legitimate value such material holds for Defendants"); *Flores v. Amigon*, 233 F. Supp. 2d 462, 464-65 (E.D.N.Y. 2002) ("If forced to disclose their *immigration status*, most undocumented aliens would withdraw their claims or refrain from brining an action . . . .") (emphasis added). The Court agrees that Plaintiff have quietly folded her concerns about discovery of the employment status into her primary argument that immigration status and documents are not discoverable.

The Court must note that Judge Schulze has ruled that discovery of Plaintiff's immigration status is not permissible; therefore, Plaintiff should no longer address the issue of immigration status**.** Moreover, Plaintiff cites no authority to support her position that discovery of her employment status should not be permitted. Plaintiff has not presented a sufficient basis for prohibiting discovery of her employment history, nor has Plaintiff convinced the Court that Judge Schulze's findings were contrary to law or clearly erroneous. Therefore, the Court will uphold Judge Schulze's Order and require Plaintiff to answer Interrogatory No. 16.

**II. Plaintiff's Motion to Stay Pending Ruling on Objection to Judge Schulze's Order**

Plaintiff requests that the Court stay Judge Schulze's Order with regard to Defendants' Interrogatory Nos. 5 and 16 until such time as this Court rules on Plaintiff's Objection to Judge Schulze's Order. In light of the Court's ruling on Plaintiff's objection to Judge Schulze's Order, the Court will deny this motion as moot.

**III. Plaintiff's Motion to Strike[4]**

Plaintiff moves to strike Defendants' affidavits and a purported transcript of the hearing before Judge Schulze.

*A. Transcript of Hearing Before Judge Schulze*

Defendants offered a transcript of the hearing before Judge Schulze on July 19, 2007. Defendants noted that the audio tape of the hearing was barely decipherable; therefore, they admitted that the unofficial transcript was truncated and gap-filled. Plaintiff argues that Defendants' transcription of the hearing is incomplete and questionable, and, therefore, should be struck from the record. The Court finds that a transcript of the hearing is not necessary to the Court's ruling on the pending motions. Morever, if the Court finds that a transcript is necessary, the Court has access to an audio tape of the hearing. Therefore, the Court will grant Plaintiff's motion to strike the transcript from the record.

*B. Affidavits*

Defendants attempted to file supplemental affidavits when the matter was before Judge Schulze. Defendants claim that the affidavits address factual misstatements and attacks on Defendants' character contained in Plaintiff's motion for a protective order and Plaintiff's reply. Judge Schulze denied Defendants' request and ruled that the affidavits were not relevant. Defendants did not challenge that ruling; therefore, Plaintiff argues that Defendants now waive their ability to present affidavits on the same issue. Plaintiff also argues that even if Defendants have not waived any objection to Judge Schulze's ruling, the affidavits are littered with multiple hearsay and improper opinion without foundation. Therefore, Plaintiff requests that the Court strike the

---

[4] Plaintiff's reply to this motion is not due until November 7; however, after hearing the arguments presented during the telephone conference this afternoon, the Court believes that it is clear from Plaintiff's initial motion and Defendants' response that the motion should be granted.

affidavits from the record.

The Court has reviewed Defendants' affidavits and agrees with Judge Schulze's ruling that the affidavits are not relevant to the issues presented before the Court.  Moreover, Defendants attempted to bring these affidavits before Judge Schulze, which she denied.  Defendants, therefore, cannot attempt to use a back-door approach to bring in these affidavits by including them with their opposition to Plaintiff's motions.  Thus, the Court will grant Plaintiff's motion to strike Defendants' affidavits from the record.

## CONCLUSION

For the reasons stated above, the Court will GRANT-IN-PART and DENY-IN-PART Plaintiff's Rule 72(A) Objections to Magistrate Judge's July 19, 2007 Order (Paper No. 28), DENY-AS-MOOT Plaintiff's Motion to Stay Pending Ruling on Objection to Magistrate Judge's Order (Paper No. 29), and GRANT Plaintiff's Motion to Strike (Paper No. 35).  An Order consistent with this opinion will follow.

|  |  |
|---|---|
| October 29, 2007 | /s/ |
| Date | Alexander Williams, Jr.<br>United States District Judge |